SUMMARY ORDER

Petitioner Yong Quan-Jin, an ethnic Korean native and citizen of the People’s Republic of China, seeks review of a May 6, 2008 order of the BIA affirming the January 25, 2006 decision of Immigration Judge (“U”) Barbara A. Nelson denying Quan-Jin’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yong Quan Jin, No. A98 356 855 (B.I.A. May 6, 2008), aff'g No. A98 356 855 (Immig. Ct. N.Y. City, Jan. 25, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Met Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be-compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find no error in the IJ’s conclusion that Quan-Jin failed to establish that the harm he fears bears a nexus to one of the protected grounds enumerated in the Immigration and Nationality Act (“INA”). 8 U.S.C. § 1101(a)(42).
 Here, Quan-Jin testified that he assisted undocumented immigrants from North Korea in entering China illegally. While Quan-Jin argues that his decision to transport these immigrants was an expression of his political opposition to China’s allegedly inadequate system of refugee protection, the record does not suggest that, even if Chinese authorities are looking to arrest him, they are motivated, even in part, by Quan-Jin’s political beliefs. Indeed, Quan-Jin conceded in his testimony that the police in China were looking to arrest him because he committed a crime — i.e., “smuggling aliens from Korea into China.” Accordingly, he has not provided evidence that would compel a reasonable fact-finder to conclude that a “central reason” for his arrest was his political opinion as opposed to his violation of generally applicable laws prohibiting the harboring of undocumented migrants. See 8 U.S.C. § 1158(b)(1)(B)(ii); Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir. 2005). Therefore, the agency’s denial of his asylum application was proper.[2] See Yueqing Zhang, 426 F.3d at 545. Further, because Quan-Jin failed to establish his eligibility for asylum, he necessarily failed *416 to establish eligibility for withholding of removal. See Tian-Yong Chen v. INS, 359 F.3d 121, 127 (2d Cir.2004).
Similarly, we find that the agency properly denied Quan-Jin’s application for CAT relief.[3] Quan-Jin failed to present any particularized evidence that someone in his position would more likely than not be tortured if returned to China. See Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003) (clarifying that the relevant inquiry is whether someone in the petitioner’s “particular alleged circumstances” is more likely than not to be tortured); Pierre v. Gonzales, 502 F.3d 109, 118 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED.

. While Quan-Jin argues in his brief to this Court that the agency erred in failing to consider his membership in a particular social group, the Government properly notes that he failed to exhaust this issue before the agency. See Foster v. INS, 376 F.3d 75, 78 (2d Cir. *416 2004); Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). Thus, we will not consider Quan-Jin’s unexhausted argument.

. While Quan-Jin failed to challenge the IJ's denial of his CAT claim before the BIA addressed that relief in its decision, apparently excusing his failure to exhaust. See Xian Tuan Ye v. DHS, 446 F.3d 289, 296-97 (2d Cir.2006); Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1994).